IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL SOBRANTE DEVELOPMENT, L.L.C, et al.,<br>　　　　　**Plaintiff**,<br><br>　　v.<br><br>NATIONAL ASSURANCE GROUP, INC., et al.,<br>　　　　　**Defendants.** | 1: 08-CV-0455 AWI DLB<br><br>ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT NOTICE<br><br>(Document #4) |

On March 31, 2008, Plaintiffs filed a complaint and an ex parte motion for a temporary restraining order. The complaint alleges RICO violations and state law violations stemming from loans secured by a deed of trust on property located in Contra Costa County. According to Defendants, Plaintiffs are in default on the loans, and Defendants have set a trustee's sale of the property to be held this Friday, April 4, 2008. Plaintiffs seek an ex parte motion for a temporary restraining order to stop the sale.

The purpose in issuing a temporary restraining order is to preserve the status quo for a short time pending a fuller hearing. The cases contain limited discussion of the standards for issuing a temporary restraining, but it is apparent that requests for temporary restraining orders which are not ex parte and are not without notice are governed by the same general standards that govern issuance of a preliminary injunction. See Motor Vehicle Board of Cal. v. Orrin W. Fox,

434 U.S. 1345, 1347 n. 2, (1977); <u>Los Angeles Unified School District v. United States District Court</u>, 650 F.2d 1004, 1008 (9th Cir. 1981); <u>Century Time Ltd. v. Interchron</u>, 729 F. Supp. 366, 368 (S.D.N.Y. 1990). To prevail on a motion for a preliminary injunction, the moving party must show either: "(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in its favor." <u>Walczak v. EPL Prolong, Inc.</u>, 198 F.3d 725, 731 (9th Cir.1999); <u>Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985). The two formulations represent two points on a sliding scale with the focal point being the degree of irreparable injury shown. <u>Walczak</u>, 198 F.3d at 731; <u>Oakland Tribune</u>, 762 F.2d at 1376. The greater the relative hardship to [a plaintiff], the less probability of success must be shown. <u>Walczak</u>, 198 F.3d at 731. "Under either formulation of the test, plaintiff must demonstrate that there exists a significant threat of irreparable injury." <u>Oakland Tribune</u>, 762 F.2d at 1376. In the absence of a significant showing of irreparability, the court need not reach the issue of likelihood of success on the merits. <u>Id</u>.

Local Rule 65-231(c), which contains the Local Rules for temporary restraining orders, provides:

> No hearing on a temporary restraining order will normally be set unless the following documents are provided to the Court and, unless impossible under the circumstances, to the affected parties or their counsel:
> (1) a complaint,
> (2) a motion for temporary restraining order,
> (3) a brief on all relevant legal issues presented by the motion,
> (4) an affidavit in support of the existence of an irreparable injury,
> (5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given, see L.R. 43-142,
> (6) a proposed temporary restraining order with a provision for a bond, see L.R. 65.1-151,
> (7) a proposed order with blanks for fixing Pursuant to Rule 65(b), Federal Rules of Civil Procedure, a temporary restraining order may be granted without notice to the adverse party only if: 1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and 2) the applicant's attorney certifies the reasons that notice should not be required.

Subsection (7) incorporates Rule 65(b) of Federal Rules of Civil Procedure which prohibits the court from granting a temporary restraining order without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certifies the reasons that notice should not be required.

The court has reviewed Plaintiffs' complaint, Plaintiffs' motion for an ex parte temporary restraining order, and the attached declarations.  Plaintiffs have failed to show why Defendants cannot have some notice of Plaintiffs' motion.   It appears Plaintiffs only reason for not providing notice to Defendants is that there is little time to brief the issue prior to April 4, 2008. Preliminarily, the court notes that it has concerns over why Plaintiffs waited until four days before the trustees' sale to file an action to stop the sale, thereby creating the current exigency. Regardless, there is time to give limited notice to Defendants about Plaintiffs' motion and provide Defendants with some opportunity to be heard.   Because Plaintiffs have failed to show why no notice can be given, Plaintiffs' motion for an ex parte motion for a temporary restraining order without notice to Defendants must be denied.  Thus, the court will set Plaintiff's motion for hearing after notice is given to Defendants.

The court also notes that Plaintiffs have not complied with Local Rule 65-231(c) by providing a proposed temporary restraining order with a provision for a bond and a proposed order for fixing the time and date for a full hearing.   Plaintiffs have not addressed the amount of a reasonable bond.   While standing alone this may not have resulted in the court denying a temporary restraining order, they provide a further basis to deny the motion in conjunction with the other failings of Plaintiffs' motion.

Finally, the court has serious jurisdictional and venue concerns regarding this court's ability to stop a foreclosure sale which is set to occur outside the Eastern District of California. Plaintiffs' appear to ask this court to take control over property located in Contra Casta County. This property lies within the North District of California, not the Eastern District of California.

"It is well settled that in rem jurisdiction exists only where the subject matter of the action, or an appropriate substitute thereof, is within the jurisdiction of the court in which the action lies." American Bank of Wage Claims v. Registry of the Dist. Court of Guam, 431 F.2d 1215, 1218 (9th Cir.1970).   Plaintiffs have failed to cite any authority that convinces the court that it has the power to issue orders concerning real property outside this court's normal jurisdiction and/or how this court can enjoin a trustee who does not appear to be a named Defendant.   From reading the documents before the court, it appears Plaintiffs base this court's jurisdiction over the parties and property and contend venue is appropriate  "because the actions of the defendants were directed to the Plaintiff, El Sobrante, which is authorized to conduct business in the Eastern District of California, and the acts and occurrences in furtherance of the claims alleged herein arose in the Eastern District of California, and because the ends of justice require that other parties residing in other districts be brought before this Court."   The court finds this sentence is insufficient to establish personal jurisdiction over Defendants, jurisdiction over the real property (if required), and venue in the Eastern District of California.

     Accordingly, the court ORDERS that:

1. Plaintiffs' ex parte motion for a temporary restraining order without notice to Defendants is DENIED;
2. Defendants may file any opposition to Plaintiffs' motion by 10:00 a.m. on Wednesday, April 2, 2008;
3. Plaintiffs may file any reply by 3:00 p.m. on Wednesday, April 2, 2008;
4. A hearing on Plaintiffs' motion for a preliminary injunction is SET for 3:00 p.m. on Thursday, April 3, 2008;
5. Plaintiffs SHALL serve Defendants with all relevant documents, including the complaint, Plaintiffs' motion, and this order by 9:00 a.m. on Tuesday, April 1, 2008; and

6. If the parties agree to postpone the sale, the parties may file a stipulation to amend this shortened briefing schedule and change the hearing date to allow all sides additional time to brief the relevant issues.

IT IS SO ORDERED.

**Dated:**   **March 31, 2008**           /s/ Anthony W. Ishii
                                            UNITED STATES DISTRICT JUDGE