IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL SOBRANTE DEVELOPMENT, L.L.C, et al., <br>             Plaintiff, <br> v. <br> NATIONAL ASSURANCE GROUP, INC., et al., <br>             Defendants. | 1: 08-CV-0455 AWI DLB <br><br> ORDER MOVING SEPTEMBER 14, 2009 HEARING, ORDER TO FILE NOTICE OF SETTLEMENT, ORDER FOR CLARIFICATION, and ORDER TO SHOW CAUSE UNDER RULE OF CIVIL PROCEDURE 4(m) |

    This case involves the foreclosure of various parcels of land.  Currently set for hearing and decision on September 14, 2009, is Plaintiffs' motion for good faith settlement approval. There have been no oppositions filed.  There are multiple sets of defendants in this case. Defendant Andrew Geiss has not appeared and the clerk entered default against him on October 30, 2008.  See Court's Docket Doc. No. 43.  A set of defendants based in Oregon (the "Oregon Defendants")[1] have been served, but have not appeared.  One Defendant, Pamela Blair, has neither been served nor appeared.  The motion for approval of good faith settlement involves Plaintiffs and "the Winter Defendants."

    As part of the motion for approval of good faith settlement, Plaintiffs' counsel has declared that Pamela Blair has not been served because of difficulty in finding her address.  See

---

[1] These defendants are Integra Investment Company, Pamela and C.A. Winetrout III, and Jack Louie.

Court's Docket Doc. No. 51 at ¶ 7.  The Court, on its own motion, may dismiss a defendant who has not been served with a complaint within 120 days of the filing of the complaint.  See Fed. R. Civ. Pro. 4(m).  This case was originally filed in March 2008 and the active complaint (which is the First Amended Complaint) was filed on May 12, 2008.  Considerably more than 120 days have passed since the active complaint was filed in May 2008.  Therefore, it is appropriate for Plaintiffs to show cause why Defendant Pamela Blair should not be dismissed from this case under Rule 4(m).[2]

      Additionally with respect to Blair, Plaintiffs' counsel's declaration indicates that the Oregon Defendants and Geiss have a lien that is junior to the Winter Defendants' lien and that they will not be harmed by the settlement.  See Court's Docket Doc. No. 51 at ¶ 12.  The declaration does not indicate whether Blair has a lien on the subject land parcels and, if so, whether that lien is also junior to the Winter Defendants' lien.  See id.  Plaintiffs will be ordered to clarify whether Blair has a junior lien and how the proposed settlement will affect her.

      With respect to the Oregon Defendants, Plaintiffs' counsel's declaration indicates that a settlement has been reached with these Defendants.  See id. at ¶ 7.  However, no notice of settlement has been filed with this Court.  Plaintiffs' counsel will be directed to file a notice of settlement as per Local Rule 16-160.

      Further, it is not clear if the Oregon Defendants have been served with Plaintiffs' motion (Plaintiffs' certificate of service includes two attorneys who are not listed on the docket).  Even though the Oregon Defendants have not appeared, it is apparent from Plaintiffs' counsel's declaration that they have been active in the case because a settlement has been achieved.  See id.  If a settlement has been reached with the Oregon Defendants, it is likely that they have no interest in the settlement motion involving the Winter Defendants.  Given these circumstance, Plaintiffs' counsel will be required to clarify, through a sworn declaration, whether the Oregon Defendants have received notice of the settlement motion and/or whether they know of and consent to

---

[2] This is especially true since Plaintiffs wish this Court to approve a settlement even though a named defendant has neither been served nor given notice of the motion for settlement.

Plaintiffs' settlement motion with the Winter Defendants.[3]

In light of the additional clarification and order to show cause, it is necessary to move the hearing on the settlement motion.

Accordingly, IT IS HEREBY ORDERED that:

1. The September 14, 2009, hearing on Plaintiffs' motion for approval of good faith settlement is VACATED;

2. On or by 3:00 p.m. September 18, 2009, Plaintiffs shall clarify through a sworn declaration whether the "Oregon Defendants" have received notice of Plaintiffs' motion for approval of good faith settlement and/or consent to this motion;

3. Plaintiffs shall show cause in writing on or by 3:00 p.m. September 18, 2009, why Defendant Pamela Blair should not be dismissed from this case for violation of Federal Rule of Civil Procedure 4(m);

4. On or by 3:00 p.m. September 18, 2009, Plaintiffs shall clarify whether Blair possess a junior lien and how the settlement motion will affect her;

5. Plaintiffs shall file a notice of settlement regarding the Oregon Defendants on or by September 15, 2009; and

6. Hearing on the Rule 4(m) order to show cause and Plaintiffs' motion for settlement will be held on September 28, 2009, at 1:30 p.m. in Courtroom No. 2.

IT IS SO ORDERED.

**Dated:   September 9, 2009**            /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[3]If the answer to these inquiries is negative, then the Court will again reset the hearing date to ensure that the Oregon defendants may respond after having received notice of the motion for approval of good faith settlement.