1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9
10

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

11

EL SOBRANTE DEVELOPMENT, LLC, et al.,

CASE NO. 1:08-cv-00455-AWI-SKO

12

Plaintiffs,

13

v.

14

**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AND ATTORNEYS' FEES BE DENIED**

15

NATIONAL ASSURANCE GROUP, et al.,

16

(Docket No. 78)

17

Defendants.

18

_____/

19

**OBJECTIONS DUE: 15 DAYS**

## I. INTRODUCTION

20

On April 16, 2010, Plaintiffs filed a motion for default judgment against defendant, Andrew

21

Geiss. Specifically, Plaintiffs request that the default judgment provide for the cancellation of a

22

promissory note in favor of Andrew Geiss in the sum of $810,000, that any junior deed of trust in

23

favor of Andrew Geiss be extinguished at a trustee's sale, and that the Plaintiffs be awarded

24

$123,630.02 in costs and attorneys' fees. Andrew Geiss was served with the First Amended

25

Complaint on May 1, 2008, but has not responded. *See* Doc. 31. The Clerk's Entry of Default was

26

entered on October 30, 2008. Doc. 43. Defendant Geiss has not filed an opposition to this motion.

27

It is this motion for default judgment and attorneys' fees that is currently pending before the Court.

28

## II.  BACKGROUND

Plaintiffs filed suit on March 31, 2008, alleging violations of state foreclosure laws, violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, and breach of contract against numerous defendants.  On May 12, 2008, the complaint was amended to add, *inter alia*, a cause of action for elder abuse against all defendants.

The allegations in the May 12, 2008, First Amended Complaint ("FAC") do not present a particularly cohesive rendition of the dispute in this case.  While the details are by no means clear, the gravamen of the FAC appears to be that Plaintiffs have an interest in real property located in El Sobrante, California, and that at least some defendants have wrongfully attempted to foreclose on the property.

Plaintiffs consist of a limited liability corporation named El Sobrante Development, LLC ("El Sobrante, LLC"), and individuals who assert they are the intestate heirs of John Walsh.[1] Plaintiffs allege that defendants National Assurance Group, Western Christian Foundation, National Foreclosure Service, WinRidge, Inc., National Asset Guaranty Corporation, Paul Winter, and Michael Winter (collectively, the "Winter Group Defendants") arranged a loan to John Walsh on March 15, 2006, the terms of which were modified on May 31, 2006.  This loan was secured by an interest in real property located near El Sobrante, California (Accessor Parcel Number ("APN") 432-040-005-06) (the "Property"), which was apparently owned by John Walsh.

Plaintiffs assert that on January 8, 2007, another loan in the amount of $810,000, secured by what appears to be the Property, was arranged between El Sobrante, LLC, and Defendants Integra Investment Co., JLS Investments LLC, Jack Louie, C.A. Winetrout III, and Pamela Blair (collectively, the "Blair Group Defendants") on January 8, 2007.[2]  *See* FAC ¶ 40.  A deed of

---

[1] John Walsh apparently died at some point before this suit was filed, though Plaintiffs do not allege when this occurred or how John Walsh or the individual Plaintiffs have any relationship to El Sobrante, LLC.

[2] Neither the promissory note nor the deed of trust securing the note was attached to the complaint.  The respective interests of El Sobrante, LLC and John Walsh in this property are not asserted – yet, it appears that both the promissory notes between John Walsh and the Winter Defendants and the promissory note between El Sobrante, LLC, and the Blair Defendants were secured by the Property.

trust encumbering the Property was apparently executed between Andrew Geiss as the beneficiary and El Sobrante, LLC, as the Trustor, with Alliance Title Company as Trustee. Neither El Sobrante, LLC's interest in the Property nor El Sobrante, LLC's relationship to John Walsh is alleged in the FAC.  Plaintiffs assert that El Sobrante, LLC, never received the consideration for the promissory note between the Blair Group Defendants and El Sobrante, LLC.

Subsequently, the Winter Group Defendants allegedly sought to proceed with a foreclosure sale of the Property in April 2008 based upon the deed of trust between the Winter Group Defendants and John Walsh.  There is no indication in the FAC that the Blair Group Defendants participated in this foreclosure attempt or even to what degree this foreclosure sale implicated the January 8, 2007, deed of trust.  Additionally, Andrew Geiss's relationship to the Winter Group Defendants and the Blair Group Defendants is not stated.  The Court notes that, although Plaintiffs assert that the Blair Group Defendants executed the January 8, 2007, deed of trust, only Andrew Geiss (and not any of the Blair Group Defendants) is listed as a beneficiary of the deed of trust.[3]

In an attempt to halt the pending April 2008 foreclosure sale, Plaintiffs filed suit on March 31, 2008.  The Winter Group Defendants retained Robert Martin Daniels as counsel; only the Winter Group Defendants answered the FAC on July 3, 2008.   The other named defendants (Integra Investment Company, JLS Investments, LLC, Jack Louie, C.A. Winetraut, III, Paula Winetrout, Andrew Geiss, and Pamela Blair), were not represented by counsel and did not make an appearance in the matter.

Individual defendant Pamela Blair was dismissed from the suit pursuant to Federal Rule of Civil Procedure 4(m) on September 22, 2009.  *See* Doc. No. 57.  Default was entered on October 30, 2008, as to defendant Geiss.  *See* Doc. No. 43.  On August 4, 2008, defendant

---

[3]Attached as an exhibit to the Declaration of Henry Nunez, counsel for Plaintiffs, is a copy of the January 8, 2007, deed of trust.  None of the asserted "Blair Group Defendants" is named in the deed of trust.  Further, the January 8, 2007, deed of trust appears to be signed by John Walsh, although his authority to enter into this deed of trust on behalf of El Sobrante, LLC, is entirely unknown and unstated.  The deed of trust appears to be executed by John Walsh in his individual capacity, yet the document itself purports that the deed of trust was entered into by El Sobrante, LLC.

1   JLS Investments, LLC, was dismissed under Federal Rule of Civil Procedure 41(a)(1).  *See* Doc.

2   Nos. 36, 39.

3        On October 27, 2009, Plaintiffs filed a request for dismissal of Defendants Integra

4   Investment Company, Jack Louie, C.A. Winetrout, III, and Pamela Winetrout (referred to

5   collectively in other Court documents as the "Oregon Defendants").

6        Plaintiffs and the Winter Group Defendants participated in mediation on November 17,

7   2008.  *See* Doc. No. 52.  As a result of mediation, a settlement among these parties was reached.

8   *See id.*   The settlement was approved by the Court on October 28, 2009.   Following the

9   settlement, the only remaining defendant is Andrew Geiss.

10        On April 7, 2010, the Court ordered Plaintiffs to show cause why the action should not be

11   dismissed with regard to Andrew Geiss, as the other defendants were dismissed and the docket

12   had been inactive for nearly a year.  Doc. 75.  Plaintiffs responded on April 16, 2010, by filing a

13   motion for default judgment, and requesting attorneys' fees and costs against Andrew Geiss.

14        A review of the FAC indicates a general lack of facts regarding Plaintiffs' claims against

15   Defendant Geiss.   In their motion for default judgment, Plaintiffs assert that paragraphs 40

16   through 42 of the FAC allege that Andrew Geiss arranged for a loan to El Sobrante, LLC, in the

17   sum of $810,000, secured by a deed of trust on the Property.  Plaintiffs assert that the FAC sets

18   forth that Plaintiffs did not receive any of the funds from the transaction and no adequate

19   consideration was provided pursuant to the deed of trust.  Plaintiffs, therefore, request that the

20   promissory note dated January 8, 2007, in the amount of $810,000 "in favor of Andrew Geiss

21   [be] cancelled [as] invalid, and void."

22        The FAC provides the following:

23       40.    On or about January 8, 2007 defendants Integra Investment Co; JLS
         Investments L.L.C.; Jack Louie C.A. Winetrout III, Pamela Blair

24           hereinafter called the "Blair Group Defendants" allegedly arranged and
         loaned El Sobrante Development, L.L.C. the sum of $810,000.00.  The

25           loan was to be secured by a Deed of Trust on 165 acres of land located in
         El Sobrante, California.  APN 432-040-005-06.

26

27       41.    On March 15, 2007 a Deed of Trust was recorded as Instrument No: 2007-
         0076259-00 of official records in the County of Contra Costa California by
         the Blair Group, Defendants.

28

    42.    Plaintiff[s] assert that adequate and proper consideration was not received

by El Sobrante Development, L.L.C. pursuant to the Promissory Note and Deed of Trust.   Plaintiff[s] further assert that the Blair Group Defendants actions were not proper, were fraudulent, wrongful and in violation of California and Federal statutes which include but is not limited to:

(a)     failure to fund the loan to El Sobrante Development, L.L.C.

(b)     charging excessive fees, interest and cost in violation of the usury statutes,

(c)     misrepresentation of the terms, conditions, and use of the funds wherein the funds were used to benefit the Blair Group Defendants and not El Sobrante Development, L.L.C.

These allegations do not support Plaintiffs' motion for default judgment against Andrew Geiss.  First, these paragraphs only relate to the Blair Group Defendants; Andrew Geiss is not alleged to be one of the Blair Group Defendants.  Second, as noted above, the deed of trust dated January 8, 2007, is attached as Exhibit E to the Declaration of Henry Nunez in support of the motion for default judgment and appears to be in conflict with the allegations of ¶¶ 40-42 set forth above in that it was executed between El Sobrante, LLC, and Andrew P. Geiss, not El Sobrante, LLC, and the Blair Group Defendants.   Also, the actual promissory note between El Sobrante, LLC, and Andrew Geiss (or any Blair Group Defendant) has not been filed with the Court.[4]

The relief prayed for in the complaint includes the following:

1.     A temporary restraining order staying the Winter Group defendants from commencing with their trustees sale scheduled for April 4, 2008;

2.     In the alternative, for the sum of $25,000,000.00, as economic damages;

3.     In the alternative, for general damages according to proof;

4.     In the alternative, for punitive damages;

5.     For a jury trial on the issues tendered herein;

6.     That plaintiffs be awarded their attorneys fees and costs incurred herein;

7.     For permanent injunction to prevent defendants from continuing their unfair business practices in violation of California Business and Professions Code § 17200; and

8.     That other and further relief this Court deems proper and just in the premises.

---

[4]A promissory note between National Assurance Group, Inc., and John Walsh in the amount of $1,855,953, executed February 14, 2006, is attached as Exhibit F to the declaration of Henry Nunez.  This does not appear to be the be the promissory note allegedly entered between El Sobrante, LLC, and Andrew Geiss.

### III.  DISCUSSION

**A.    Legal Standard**

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a).   It is within the sole discretion of the court as to whether default judgment should be entered.  *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  A defendant's default by itself does not entitle a plaintiff to a court-ordered judgment.  *See id.*  Instead, the Ninth Circuit has determined that a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment.  *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  The *Eitel* factors include the following: (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  *See id.*

A plaintiff is required to prove all damages sought in the complaint.  *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1992).  In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint.  Fed. R. Civ. P. 54(c).  If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default.  *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Finally, once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages.  *See Televideo Sys., Inc.*, 826 F.2d at 917.

**B.    Analysis**

First, Plaintiffs' motion for default judgment against Andrew Geiss requests that the Court order the cancellation of the January 8, 2007, promissory note apparently executed between Andrew Geiss and El Sobrante, LLC.  This promissory note is not attached to Mr. Nunez's declaration filed in support of the motion for default judgment or the FAC.  Moreover,

cancellation of this January 8, 2007, promissory note is not the kind of relief sought in the FAC. Therefore, default judgment against Defendant Andrew Geiss cannot be granted in the manner requested by Plaintiffs because it is different in kind from that prayed for in the FAC.[5]  *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").  Plaintiffs also request that the Court order that any junior deed of trust in favor of Defendant Geiss be extinguished at a trustee's sale pursuant to the terms of the Winter Group Defendants' settlement agreement with Plaintiffs.  This relief is also not prayed for in the FAC and cannot be awarded through default judgment.

Second, even if the relief sought in Plaintiffs' motion was the same as that sought in the FAC, the allegations of the FAC are entirely insufficient to state a claim against Andrew Geiss. Considering this and the other relevant *Eitel* factors, which are discussed below, the Court finds that default judgment with regard to Andrew Geiss is not appropriate.

**1.    Application of the *Eitel* Factors**

**a.    Possibility of Prejudice to Plaintiffs**

All defendants aside from Andrew Geiss have been terminated from this matter.  Before their termination from this case, the Winter Group Defendants filed an answer to the FAC.  Doc. 38.  Plaintiffs cannot, therefore, as a matter of course, amend the entire complaint. Fed. R. Civ. P. 15(a)(1), (2).  Further, there are no claims alleged that relate only to Andrew Geiss, such that those claims could be amended as a matter of course.  *Id.*  As set forth below, the FAC is insufficient to state a claim against Andrew Geiss; Plaintiffs may amend the complaint as to Andrew Geiss with leave of Court.  The Court recommends that Plaintiffs be allowed to amend the complaint with respect to Andrew Geiss.  Accordingly, there is no risk of prejudice to Plaintiffs if their motion for default judgment is denied.

**b.    Merits of Plaintiffs' Substantive Claims and Sufficiency of Complaint**

The next relevant *Eitel* factors include the merits of the substantive claims pled in the

---

[5]As set forth above, the relief requested in the complaint included a temporary restraining order against the Winter Group Defendants and a permanent injunction against all defendants; alternatively, Plaintiffs prayed for general damages, punitive damages, or $25,000,000 in economic damages as well as attorneys' fees.

complaint as well as the general sufficiency of the complaint.  In considering the adequacy of the

complaint, courts consider whether it is sufficient to state a claim that supports the relief sought.

*See Danning  v. Lavine* , 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*,

503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-

pleaded or to admit conclusions of law") (internal quotations omitted).  Here, Plaintiffs' motion

for default judgment requests that the Court order cancellation of a promissory note apparently

entered into between El Sobrante, LLC, and Andrew Geiss in the amount of $810,000 secured by

a January 8, 2007,[6] deed of trust recorded in Contra Costa County on March 15, 2007.  Setting

aside that the relief sought in Plaintiffs' motion was not prayed for in the FAC, the FAC is

entirely insufficient to adequately state a cause of action against Andrew Geiss.  With respect to

Defendant Geiss, the Court considers the sufficiency of each of Plaintiffs' claims below.

> **(i)      First and Second Claims for Relief: Fraud and Deceit Based on
> Concealment; Fraud and Deceit Based on Intentional
> Misrepresentations**

Under California law the elements for an action for fraud and deceit based on

concealment are as follows: (1) the defendant concealed or suppressed a material fact, (2) the

defendant was under a duty to disclose the fact to the plaintiff, (3) the defendant intentionally

concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff was

unaware of the fact and would not have acted as he did if he had known of the concealed or

suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff

sustained damage. *Hahn v. Mirda*, 147 Cal. App. 4th 740, 748 (2007) (internal quotations

omitted).  Furthermore, Federal Rule of Civil Procedure 9(b) applies to this claim of fraud and

commands a heightened pleading burden of specificity.

The allegations in the FAC relating to this claim appear to involve a modification to a

deed of trust between John Walsh and the Winter Group Defendants.  Andrew Geiss is not

alleged to be one of the Winter Group Defendants.  In fact, according to the FAC, he is not

---

[6]The deed of trust recites that it is "made January 8, 2007," between El Sobrante, LLC, as trustor and Andrew P. Geiss as beneficiary.  The second page is signed by John Walsh, although his relationship (e.g., managing member)  to El Sobrante, LLC, is not asserted.  John Walsh's signature was notarized on December 29, 2006.

alleged to have participated in <u>any</u> deed of trust.  *See* FAC ¶¶ 40-42.  The January 8, 2007, deed of trust attached to the declaration of Henry Nunez in support of the motion for default judgment is the only document that sets forth the participation of Andrew Geiss in any transaction with Plaintiffs – and this conflicts with the allegations of the FAC.[7]  FAC ¶¶ 40-42.  Further, there is no allegation how Andrew Geiss participated in the modification of any deed of trust or contract between John Walsh and the Winter Group Defendants.  There is no allegation as to how Andrew Geiss participated in fraud and deceit based on concealment as it might relate to the January 8, 2007, deed of trust.  Thus, as to Andrew Geiss, this claim is entirely insufficient to support a cause of action.

A claim for fraud and deceit based on intentional misrepresentations requires the following allegations: (1) misrepresentation (false representation, concealment, or nondisclosure), (2) knowledge of falsity, (3) intent to defraud, (4) justifiable reliance, and (5) resulting damages.  As with the fraud and deceit claim based on concealment, the FAC fails to allege any conduct on the part of Andrew Geiss that adequately sets forth a claim for fraud and deceit based on intentional misrepresentation.  Thus, the allegations are also insufficient to support this cause of action against Andrew Geiss.

> **(ii)    Third and Fourth Claims for Relief: Negligent Misrepresentation and Wrongful Foreclosure**

In California, negligent misrepresentation requires allegations that a person made false statements without reasonable ground for such belief.  *See Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1337 (N.D. Cal. 1991).  Here, all allegations related to negligent misrepresentation pertain to the Winter Group Defendants.  Andrew Geiss is not alleged to be one of the Winter Group Defendants.  Further, no participation by Andrew Geiss is alleged.  Thus, this claim is insufficient as it relates to Andrew Geiss.

As to the wrongful foreclosure claim, there is no allegation that the January 8, 2007, deed of trust was foreclosed upon or that Andrew Geiss participated in the attempted foreclosure of the

---

[7]The FAC states the deed of trust was entered into between El Sobrante, LLC, and the Blair Group Defendants – not Andrew Geiss.

Property.  The allegations specifically state that "[t]he Winter Group defendants started nonjudicial foreclosure proceedings on the El Sobrante property."  FAC ¶ 78.  As Andrew Geiss is not alleged to be a Winter Group Defendant, the claim is wholly insufficient against him.

### (iii)    Fifth Claim for Relief: Slander of Title

As the FAC does not state how Andrew Geiss participated in the foreclosure under any deed of trust, there are no allegations relating to how Andrew Geiss participated in the slander of title in the course of the wrongful foreclosure.  Again, this claim is entirely insufficient as it relates to Defendant Andrew Geiss.

### (iv)    Sixth and Seventh Claims for Relief:  RICO 18 U.S.C. §§ 1962(c) and 1962(d)

Title 18 of the U.S. Code, § 1962(c) provides the following:

> It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of an unlawful debt.

This section renders unlawful the direct or indirect conducting of or participation in a RICO "enterprise's affairs through a pattern of racketeering activity" by any person employed by or associated with any enterprise engaged in interstate commerce.  *United Energy Owners Comm. Inc. v. U.S. Energy Mgmt. Sys., Inc.*, 837 F.2d 356, 359 n.5 (9th Cir. 1988).  This section of RICO contains strict pleading requirements:

> For the purposes of section 1962(a), RICO plaintiffs must allege a defendant – the "person" or "persons" – who is distinct from the "enterprise" whose business the defendant is conducting.  Under RICO, an "enterprise" is a being different from, not the same as or part of, the person whose behavior the act was designed to prohibit.

*Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1533-34 (9th Cir. 1992).

Here, Plaintiffs allege an "enterprise" as being composed of the "Winter Group Defendants."  FAC ¶ 101. Plaintiffs further allege that "[a]ll the defendants employed by or associated with an enterprise, did so conduct or participate, directly or indirectly, engaged in a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1)(B) and 1961(E) and 1961(5) and 1962[(c)] ...."  FAC ¶ 102.  To state a §1962(c) RICO claim as to Andrew Geiss,

Andrew Geiss's role as a "person" who acted in conjunction with the "enterprise" must be alleged.  As noted above, Andrew Geiss is not alleged to be a Winter Group Defendant or associated with the Winter Group Defendants in any manner.

Although it may be inferred from the FAC that Andrew Geiss somehow conspired with the Winter Group Defendants to foreclose upon real property in which Plaintiffs have an interest (*see* FAC ¶ 30), Geiss's relationship to the Winter Group Defendants is not alleged.  The complaint does not allege whether, for example, Geiss worked for the Winter Group Defendants or set forth the nature of his participation in the foreclosure or attempted foreclosure of the Property.  In fact, the FAC specifically states that the alleged RICO violations were committed by the Winter Group Defendants, not all the named defendants.  FAC ¶ 103.  Further, Plaintiffs allege that it was the Winter Group Defendants who attempted to foreclose on the Property in April 2008, not any other defendants.  Andrew Geiss's alleged role is a single vague allegation that he somehow participated in a conspiracy with the other named defendants.  FAC ¶ 30.

Moreover, there is no allegation that Andrew Geiss attempted to foreclose on the January 8, 2007, deed of trust which lists him as beneficiary. In fact, although Andrew Geiss appears to be the beneficiary under this deed of trust, Plaintiffs contrarily and confusingly allege that the "Blair Group Defendants" – of which Andrew Geiss is not alleged to be a part – arranged to loan El Sobrante, LLC, the sum of $810,000 secured by a deed of trust.  *See* FAC ¶ 40.  There is no allegation that Andrew Geiss participated in this loan, yet he is named as the beneficiary on the deed of trust that Plaintiffs assert was entered into by the Blair Group Defendants.

Because Andrew Geiss's role or participation in the RICO enterprise is not alleged and he does not appear to be involved in the alleged wrongful activities, at least as far as the allegations of the FAC are pled, the RICO claim against Andrew Geiss is not sufficient to state a cause of action against him.

The same deficiencies apply to Plaintiffs' § 1962(d) RICO claim: Andrew Geiss's role or participation in the racketeering activities of the enterprise is completely lacking.  Thus, the allegations as to Andrew Geiss are insufficient to state a RICO claim against him.

### (v)    Eighth Claim for Relief: Unfair Business Practices

Plaintiffs allege an unfair business practices claim as to all defendants.  These allegations relate to the alleged wrongful foreclosure of real property that was the subject of a deed of trust between John Walsh and the Winter Group Defendants.  However, none of these allegations relates to Andrew Geiss, states his participation in the asserted wrongful foreclosure, or alleges how he committed unfair business practices as a result of the foreclosure action.  Again, these allegations are insufficient to support a cause of action against Andrew Geiss.

### (vi)    Ninth and Tenth Claims for Relief: Breach of Contract and Breach of the Covenant of Good Faith and Fair Dealing

These claims relate to deed of trust modifications between John Walsh and the Winter Group Defendants during 2006.  There is no allegation that the January 8, 2007, deed of trust, which names Andrew Geiss as beneficiary, was included in the modification.  In fact, the modification complained of was alleged to have occurred on May 31, 2006, before execution of the deed of trust on January 8, 2007.  Therefore, by its terms, the January 8, 2007, deed of trust cannot have been part of a modification that occurred nearly a year earlier.  Moreover, none of the allegations states how Andrew Geiss participated in the modification or the foreclosure of the Property or how he breached any terms of any contract to which he was a party.  Thus, these claims are insufficient as to Andrew Geiss.

### (vii)    Eleventh Claim for Relief: Injunctive Relief

The claim for injunctive relief to prevent foreclosure is only alleged against the Winter Group Defendants.  Andrew Geiss is not alleged to be a Winter Group Defendant.  Thus, this claim does not relate to Andrew Geiss.

### (viii)    Twelfth Claim for Relief: Elder Abuse

Patricia and John Walsh are alleged to have been victims of elder abuse perpetrated by all the defendants.  Defendant Geiss's conduct in relation to this claim is completely lacking in the FAC.  There is no allegation regarding Andrew Geiss's relationship to the Winter Group Defendants or the Blair Group Defendants, or any conduct on the part of Andrew Geiss sufficient to state a claim for elder abuse against him.

In summary, the allegations of the FAC are entirely insufficient to state a claim against Andrew Geiss. His role in the alleged wrongful activities is completely lacking. In fact, other than the deed of trust attached to the declaration of Henry Nunez which lists Andrew Geiss as a beneficiary, there is absolutely no indication why Andrew Geiss is even named as a defendant. For all of the reasons stated above, none of the claims asserted in the FAC are adequate to state a claim against Andrew Geiss. This factor weighs dispositively against granting default judgment against Andrew Geiss.

### c.    The Sum of Money at Stake in the Action

One of the alternative prayers for relief stated in the FAC requests $25,000,000 in economic damages. However, Plaintiffs are not seeking a judgment in that amount against Andrew Geiss. Instead, Plaintiffs seek cancellation of a January 8, 2007, promissory note. Setting aside that cancellation of this promissory note is not the kind of relief requested in the FAC and that the promissory note has never been filed with the Court, the note represents a debt of $810,000. This is a substantial amount of money that weighs in favor of resolving the dispute on the merits rather than through default judgment.

### d.    The Possibility of a Dispute Concerning the Material Facts

Because the FAC as to Andrew Geiss is insufficient to state a cause of action against him, none of the facts may be taken as true. *See Cripps,* 980 F.2d at 1267 (if facts are legally insufficient to state a claim, they will not be established as true for purposes of default judgment). Therefore, there is a likelihood that genuine issues of material fact exist. *See Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) (where the complaint is well-pled, the facts are taken as true upon entry of default, and there is no likelihood that any genuine issue of material fact exists). As the complaint is not well-pled with respect to Andrew Geiss, the allegations against him cannot be taken as true, and the Court finds that this weighs against awarding default judgment.

### e.    Whether Default Was Due to Excusable Neglect

There are no facts regarding why Andrew Geiss has defaulted; thus, the Court is prevented from weighing this factor.

### f.    The Strong Policy Underlying the Federal Rules of Civil Procedure Favors Decisions on the Merits

Where a complaint is legally insufficient, as it is here, the policy favoring decisions on the merits protects against a judgment where one may not be warranted.  Due to the complete insufficiency of the FAC with respect to Andrew Geiss, it would be unjust to award default judgment without a full consideration of the merits of Plaintiffs' claims, such as they might be.  This factor decidedly weighs in favor of denying default judgment against Andrew Geiss.

In conclusion, the Court finds that default judgment is not appropriate in this case.  The FAC is not well-pled with regard to Andrew Geiss, and none of the allegations should be taken as true.  The amount of money at stake is $810,000 – a large sum which weighs in favor of resolving the matter on the merits.  There is strong public policy that favors resolution of disputes on the merits, rather than by default judgment.  Given the insufficiency of the FAC with regard to Andrew Geiss, resolution on the merits is even more important in this case.   The Court recommends that Plaintiffs be allowed to amend their complaint only as to Andrew Geiss, incorporating no new causes of action against him.  If Plaintiffs fail to amend the Complaint, the Court will recommend that the matter be dismissed.  As the Court finds that default judgment is not appropriate, Plaintiffs' request for attorneys' fees should also be denied.

## IV.   RECOMMENDATION

Based on consideration of the declarations, pleadings, and exhibits to the present motion, the Court hereby RECOMMENDS that:

1.    Plaintiffs' Motion for Default Judgment be DENIED;

2.    Plaintiffs' Request for Attorneys' Fees be DENIED;

3.    Plaintiffs be permitted thirty (30) days to amend the complaint with regard to Defendant Geiss, adding no new causes of action; and

4.    If Plaintiffs fail to amend the complaint within thirty (30) days, that the complaint against Andrew Geiss be dismissed.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fifteen (15)

days of service of this recommendation, any party may file written objections to these findings

and recommendations with the Court and serve a copy on all parties.  Such a document should be

captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge

will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C.

§ 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time

may waive the right to appeal the district judge's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir.

1991).


IT IS SO ORDERED.

**Dated:     August 10, 2010**                                       /s/ **Sheila K. Oberto**
                                                                UNITED STATES MAGISTRATE JUDGE