UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| EL SOBRANTE DEVELOPMENT, L.L.C., a California corporation; PATRICIA WALSH, an individual; LORA WALSH, an individual; TIMOTHY WALSH, an individual; DEBORAH WALSH, an individual; SEAN WALSH, an individual; DANA WALSH, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>ANDREW P. GEISS, an individual,<br><br>Defendant. | Case No.  1:08-CV-0455 AWI SKO<br><br>**ORDER TO EXTEND TIME TO RESPOND TO SECOND AMENDED COMPLAINT** |

On September 30, 2010, Defendant Andrew Geiss filed an Ex Parte Application for an extension of time to respond to the Second Amended Complaint ("SAC").[1]

Prior to the filing of the SAC, Defendant Geiss had been personally served with the First Amended Complaint ("FAC") (Doc. 31), but had not made an appearance in the matter or otherwise defended against the FAC. As a result, Defendant Geiss's default was entered by the

---

[1] The ex parte application was filed by Scott R. Shewan, an attorney admitted to practice in this District. Defendant Geiss is represented, however, by Jeffrey J. Scott who is admitted to practice law in the State of Colorado.  Mr. Scott has associated Mr. Shewan until such time as he is admitted to appear in this action pro hac vice. (Doc. 92, Declaration of Jeffrey J. Scott, ¶ 1.)

Clerk on October 30, 2008. (Doc. 43.) Thereafter, Plaintiffs filed a Motion for Default Judgment as to Defendant Geiss, which was denied. (Doc. 90.) The Court did, however, grant Plaintiffs an opportunity to amend their complaint. (*Id.*)

On September 16, 2010, Plaintiffs filled the SAC. The SAC filed on the docket is not accompanied by a proof of service. (*See* Doc. 91.) Nonetheless, Defendant Geiss apparently informed his counsel that he "believes he was served with the Second Amended Complaint mailed to him on September 16, 2010." (Doc. 92, Declaration of Jeffrey J. Scott ("Scott Decl.") ¶ 3.) The response to an amended complaint is due "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3). Thus, Defendant Geiss estimates that his responsive pleading was due on or before September 30, 2010.

Generally, defendants who are in default may not appear in the case or present evidence until such time as the default is set aside. *See Clifton v. Tomb*, 21 F.2d 893, 897 (4th Cir. 1927); *Great Am. Ins. Co. v. M.J. Menefee Constr., Inc.*, No. CV F 06-0392 AWI DLB 2006 WL 2522408, at *2 (E.D. Cal. Aug. 26, 2006) ("Clerk of Court's entry of default cuts off Defendants' rights to appear in this action."). However, here, default judgment has already been denied with respect to the Clerk's October 30, 2008, entry of default of Defendant Geiss and the FAC. Moreover, the SAC has rendered the FAC a nullity. As the SAC is now the operative pleading and no default has been entered against Defendant Geiss with regard to it, Defendant Geiss is not precluded from responding to the SAC. *See Best W. Int'l., Inc. v. Melbourne Hotel Investors, LLC*, No. CV 06-2276, 2007 WL 2990132, at *1 (D. Ariz. Oct. 10, 2007); *Nelson v. Nationwide Mort. Corp.*, 659 F. Supp. 611, 615 (D.D.C. 1987) (motion for default judgment moot due to filing of an amended complaint).

Moving next to Defendant Geiss's application for an extension of time to file a responsive pleading, he was apparently unable to retain counsel until September 29, 2010, due to illness, leaving counsel insufficient time to prepare a responsive pleading. (Doc. 92, Scott Decl. ¶¶ 2-4.) Counsel for Defendant Geiss states in his declaration that he needs more time to "learn the facts

of the case sufficiently to admit or deny the allegations of the [SAC] or otherwise respond to the [SAC] on behalf of Mr. Geiss." (Doc. 92, Scott Decl. ¶ 4.)

Defendant Geiss's application for an extension of time indicates that his counsel was unable to reach Plaintiffs' counsel to obtain a stipulation for an extension of time. Therefore, Defendant Geiss requests an extension of time to file a pleading responsive to the SAC pursuant to Local Rule ("L.R.") 144.

L.R. 144 provides that "[t]he Court may, in its discretion, grant an initial extension *ex parte* upon the affidavit of counsel that a stipulation extending time cannot reasonably be obtained, explaining the reasons why such a stipulation cannot be obtained and the reasons why the extension is necessary." Here, Defendant Geiss has satisfied the requirements of L.R. 144 by filing an affidavit from counsel stating that counsel attempted to obtain a stipulation for an extension of time, but it could not be reasonably obtained, and explained why the stipulation was necessary.

Accordingly, IT IS HEREBY ORDERED that Defendant ANDREW GEISS is GRANTED an extension until October 12, 2010, to file a pleading responsive to the Second Amended Complaint.

IT IS SO ORDERED.

**Dated:   October 7, 2010**              /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE