# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EL SOBRANTE DEVELOPMENT, L.L.C., et al., | CASE NO. 1:08-cv-00455-AWI-SKO |
| Plaintiffs, | **ORDER DENYING MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR PLAINTIFFS WITHOUT PREJUDICE** |
| v. | |
| NATIONAL ASSURANCE GROUP, INC., et al., | |
| | (Docket No. 110) |
| Defendants. | |
| _____ / | |

On December 29, 2010, counsel for Plaintiffs El Sobrante Development, L.L.C. ("El Sobrante"), Patricia Walsh, Lora Walsh, Timothy Walsh, Deborah Walsh, Sean Walsh, Dana Walsh, and William Walsh (collectively "Plaintiffs") filed a Motion to Withdraw as Attorney ("Motion to Withdraw"). (Doc. 110.)[1]

The Local Rules ("L.R.") for the U.S. District Court for the Eastern District of California provide specific requirements for the withdrawal of counsel where, as here, the attorney will leave

---

[1] The Court notes that Plaintiffs' counsel's notice of motion and motion were submitted on Judicial Council of California forms for motions to be relieved as counsel under the California Code of Civil Procedure and the California Rules of Court. These documents have limited to no applicability in federal court.

the client in propria persona. (L.R. 182(d).) Local Rule 182(d) provides, in relevant part, as follows:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

The Court has reviewed Plaintiffs' counsel's Motion to Withdraw and finds that it does not comport with the requirements of Local Rule 182(d). First, it does not appear that all of the Plaintiffs have been properly notified of counsel's intent to withdraw, nor has counsel provided the last known address of each client. Specifically, counsel attached, as an exhibit to his declaration, a December 28, 2010, letter addressed to each of the individual Plaintiffs informing them of his intent to withdraw as counsel because of money owed to him for his work. (Doc. 110, at 6.) The letter was addressed to each individual Plaintiff at a single address. It is difficult for the Court to infer how this notice was reasonably calculated to provide each of the individual Plaintiffs with notice when it was only sent to one location. Counsel has not stated that this is a business address or informed the Court that this was the only last known address he had for each of the individuals. Without this information, it does not appear that this letter was reasonably calculated to actually give notice of counsel's intent to withdraw to each individual Plaintiff who has appeared in the action, as required by L.R. 182(d).

Second, El Sobrante is not one of the Plaintiffs listed in the December 28, 2010, letter or listed in the proof of service as to this motion. (Docs. 110, at 6, 112, at 2.) There is no information regarding who are the managing members of El Sobrante and whether El Sobrante, through its managing members, has been notified of counsel's intent to withdraw. There is also no indication of the last known address for El Sobrante. Proper notice to El Sobrante and El Sobrante's last known address is particularly important because El Sobrante, a non-person entity, may not appear in this action without representation by counsel. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam); L.R. 183(a).

For these reasons, Plaintiffs' counsel's Motion to Withdraw is denied. In the event that Plaintiffs' counsel wishes to refile a motion to withdraw that complies with L.R. 182(d), he may do

so.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's counsel's Motion to Withdraw as Attorney is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

**Dated:   January 12, 2011**                          /s/ Sheila K. Oberto
                                                     UNITED STATES MAGISTRATE JUDGE